# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

TARA MARIE BANKS, :

     **Plaintiff** :

           **CIVIL ACTION NO. 3:15-0693**

          :

     **v.** :

           **(JUDGE MANNION)**

**JOHN HARRISON** :

     **Defendant** :

## MEMORANDUM

## I.   INTRODUCTION

Presently before the court is the motion to dismiss filed by defendant John Harrison, a police officer who was employed by the Taylor Borough Police Department. (Doc. 11). The plaintiff, Tara Marie Banks, brings her civil rights complaint pursuant to 42 U.S.C. §1983 and alleges violations of her First, Fourth, and Fourteenth Amendment rights related to her arrest by Officer Harrison following an incident in a Walmart parking lot. (Doc. 1, pp.2-7). The plaintiff also raises two state law claims for assault and battery, alleging that Officer Harrison used excessive force during her arrest. (*Id.,* p. 7). The plaintiff states plausible First Amendment retaliation and Fourth Amendment unreasonable seizure and excessive force claims, as well as state law claims for assault and battery. The plaintiff's reference to the Fourteenth Amendment Due Process Clause is construed as an invocation of the incorporation doctrine. The plaintiff's claim for punitive damages against Officer Harrison in his individual capacity for her §1983 claims and state law claims will also proceed. Based on the following analysis, the

defendant's motion to dismiss is **DENIED**.

## II.    FACTUAL BACKGROUND[1]

The plaintiff alleges that, on June 10, 2013, a vehicle driven by a 16-year-old unlicensed motorist almost hit her and her two children as they walked through the Walmart parking lot in Taylor, Pennsylvania. (Doc. 1, p.2). The plaintiff admittedly yelled at the minor, ("C.A."), but denies kicking the minor's car door as the minor claimed. (*Id.,* p.3). Instead, the plaintiff alleges that the minor swung the door open quickly, and the plaintiff blocked it with her foot. (*Id.*). The plaintiff further alleges that the minor kicked her car's fender causing damage, and that she called the police. (*Id.*).

Before the police arrived on scene, the minor's mother (Ingrid Jorge) allegedly told her son to leave "because he did not have a valid driver's license." (*Id.*). When Officer Harrison arrived, the plaintiff allegedly told him the direction in which the minor fled on foot, and Harrison was able to locate the minor. (*Id.*). After Harrison questioned the minor and his mother, he decided not to charge either one with any crimes. (*Id.*).

Subsequently, the minor and his mother left the scene with the minor driving. (*Id.*). The plaintiff became angry that no charges were filed against the

---

[1]The facts alleged in plaintiff's complaint must be accepted as true in considering the defendant's motion to dismiss. *See* Dieffenbach v. Dept. of Revenue, 490 F.App'x 433, 435 (3d Cir. 2012); Evancho v. Evans, 423 F.3d 347, 350 (3d Cir. 2005).

minor and called Officer Harrison an unspecified curse word as he left the scene. (*Id.,* p.4). Harrison then came back and arrested the plaintiff. He charged the plaintiff with two counts of disorderly conduct, one pursuant to 18 Pa.C.S.A. §5503(a)(1) for kicking Jorge's car, and the other pursuant to §5503(a)(3) for "using profane language toward the Officer."[2] (*Id.,* p.5). The plaintiff was also charged with resisting arrest, pursuant to 18 Pa.C.S.A. §5104. (*Id.*). When Harrison was arresting the plaintiff and taking her into custody, he allegedly banged the plaintiff's head off the roof of her car, placed her hands in handcuffs behind her back, and then dragged her into his police car. (*Id.,* p.4). Bail was then set on June 10,2013, in the amount of $5,000, unsecured, and the plaintiff was released from custody. *See Commonwealth v. Banks*, Lackawanna County Court of Common Pleas, Docket No. CP-35-CR-0001427-2013.[3]

---

[2]Section 5503(a)(1) provides that a person is guilty of disorderly conduct if, "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof," he or she "engages in fighting or threatening, or in violent or tumultuous behavior." Section 5503(a)(3) authorizes the charging of a person with disorderly conduct if he or she "uses obscene language, or makes an obscene gesture."

[3]The court reviewed plaintiff Bank's Lackawanna County Criminal Docket for case number CP-35-CR-0001427-2013 at http://ujsportal.pacourts.us. The court takes judicial notice of the plaintiff's Lackawanna County Criminal Docket as an official state court record. According to the Criminal Docket, both counts of disorderly conduct Harrison filed against the plaintiff were pursuant to 18 Pa.C.S.A. §5503(a)(1) for engaging in fighting.

The disorderly conduct charge that Harrison filed against the plaintiff for using profane language was subsequently withdrawn at a preliminary hearing. (*Id.*). The other disorderly conduct charge and resisting arrest charge were bound over for Lackawanna County Court of Common Pleas. Eventually, the plaintiff pled guilty to the §5503(a)(1) disorderly conduct charge on December 9, 2013. (*Id.*). The resisting arrest charge was nolle prossed. (*Id.*). The plaintiff was sentenced the same day to pay a fine and costs. (*Id.*).

## III.    PROCEDURAL HISTORY

The plaintiff filed her complaint on April 8, 2015, (Doc. 1), claiming damages from the defendant's "use of excessive and unreasonable force" during her arrest. (*Id.,* p. 6). The plaintiff's complaint contains three (3) counts, including claims under §1983 for violations of her First, Fourth, and Fourteenth Amendment rights, as well as assault and battery. (*Id.,* pp.6-8).

The first count alleges that Officer Harrison violated the Fourth Amendment by unreasonably seizing the plaintiff through his use of force. (*Id.,* p.6). The plaintiff further asserts that Harrison's conduct deprived her of due process rights under the Fourteenth Amendment. (*Id.*). Finally, the plaintiff alleges that the defendant retaliated against her by using excessive force after she exercised her free speech right pursuant to the First Amendment. (*Id.*).

The second count alleges that Harrison committed an assault by "intend[ing] to put [the plaintiff] in reasonable and immediate apprehension of

4

a harmful or offensive contact with her body." (*Id.,* p.7). The third count alleges that Harrison committed a battery by making "harmful and/or offensive contact with [the plaintiff's] body." (*Id.,* pp.7-8).

As relief, the plaintiff is seeking monetary damages, including punitive damages, with respect to all of her claims. (*Id.,* p.8). The plaintiff also seeks attorneys' fees and costs. (*Id.*). The plaintiff does not indicate if she sues Officer Harrison in his individual and/or official capacity.

On June 8, 2015, the defendant filed a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), (Doc. 11), followed by a brief in support on June 22, 2015. (Doc. 15). On June 24, 2015, the plaintiff requested an extension of time to file her brief in opposition, (Doc. 16), which the court granted. (Doc. 17). The plaintiff filed her brief in opposition on July 22, 2015. (Doc. 19). The defendant did not file a reply brief.

This court has jurisdiction over this action pursuant to 28 U.S.C. §§1331 and1343, and it can exercise pendent jurisdiction over the state law claims under §1367.

## IV.   STANDARDS OF REVIEW

### *A. Rule 12(b)(6)*

The defendants' motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. (*Id.*). The moving party bears the burden of showing that no claim

5

has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. *Id.* Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *See Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged

in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. *See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002)*; Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." *Alston v. Parker*, 363 F.3d 229, 236 (3d Cir. 2004).

### *B. Section 1983*

To state a claim under section 1983, a plaintiff must meet two threshold requirements. She must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, she was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). If a defendant fails to act under color of state law when engaged in the alleged misconduct, a civil rights claim

under section 1983 fails as a matter of jurisdiction, Polk Cnty. v. Dodson, 454 U.S. 312, 315 (1981), and there is no need to determine whether a federal right has been violated. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*." Rode v. Dellarciprete, 845 F.2d 1195, 1207-08 (3d Cir. 1988). *See also* Sutton v. Rasheed, 323 F.3d 236, 249 (3d Cir. 2003)(citing Rode). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Rode, 845 F.2d at 1207. Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995). As explained in *Rode*:

> A defendant in a civil rights action must have personal involvement in the alleged wrongs. . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity.

Rode, 845 F.2d at 1207.

With respect to punitive damages for a §1983 violation, this remedy is only available "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." Smith v. Wade, 461 U.S. 30 (1983). Regarding federal civil rights claims, "reckless indifference" refers to the

8

defendant's knowledge of the illegality of his actions, not the egregiousness of his actions. Alexander v. Riga, 208 F.3d 419, 431 (3d Cir. 2000) (citing Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 536 (1999)).

## V. DISCUSSION

### A. First Amendment Retaliation

The plaintiff alleges that Officer Harrison retaliated against her by arresting her and using excessive force after she cursed at him for not arresting the minor or the minor's mother. (Doc. 1, pp.3-6). To establish a claim for First Amendment retaliation, a plaintiff must allege: "(1) constitutionally protected conduct; (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his or her constitutional rights; and (3) a causal link between the constitutionally protected conduct and the retaliatory action." Clifton v. Borough of Eddystone, 824 F.Supp.2d 617, 627 (E.D.Pa. 2011) (citing Thomas v. Independence Twp., 463 F.3d 285, 296 (3d Cir. 2006)).

The First Amendment protects all speech "except for certain narrow categories deemed unworthy of full First Amendment protection–such as obscenity, 'fighting words,' and libel ... ." Eichenlaub v. Twp. of Indiana, 385 F.3d 274, 282-83 (3d Cir. 2004). In Miller v. California, 413 U.S. 15, 24 (1973), the U.S. Supreme Court stated that speech qualifies as obscene when an ordinary person would find that the speech "appeals to the prurient interest" and "whether the work, taken as a whole, lacks serious literary, artistic,

political, or scientific value." Fighting words are defined as "those which by their very utterance inflict or tend to incite an immediate breach of the peace." Rosenfeld v. New Jersey, 408 U.S. 901. The Third Circuit in Johnson v. Campbell, 332 F.3d 199, 213 (2003), however, held that curse words spoken to a police officer typically do not qualify as fighting words. *See also* City of Houston v. Hill, 482 U.S. 451, 461, 107 S.Ct. 2502 (1987) ("...the First Amendment protects a significant amount of verbal criticism and challenge directed at police officers.").

In this case, the plaintiff's complaint does not specify the exact curse word she called Officer Harrison. (Doc.1 ). Reviewing the facts most favorable to the plaintiff, her remark was neither obscenity nor fighting words. It was clearly not libelous. As such, the plaintiff's remark to Officer Harrison constituted speech protected by the First Amendment for present purposes. Clifton v. Borough of Eddystone, 824 F.Supp.2d at 627-28 (court held that cursing at police officer was speech protected by the First Amendment) (citing City of Houston v. Hill, 482 U.S. at 461). Thus, the court finds that the plaintiff has satisfied the first prong of a First Amendment retaliation claim.

In the second prong, the plaintiff must allege that Officer Harrison responded to her remark with retaliatory action sufficient to deter a person of ordinary firmness from exercising her constitutional rights. Clifton v. Borough of Eddystone, 824 F.Supp.2d at 628. The plaintiff must also show that Officer Harrison's conduct is more than *de minimus*, but not substantial. *Id.* (citing McKee v. Hart, 436 F.3d 165, 170 (3d Cir. 2006)). Here, the facts alleged in

the plaintiff's complaint indicate that she experienced adverse action because she was arrested after cursing at Officer Harrison, to wit: her head was hit off of her car; her hands placed in handcuffs; she was dragged to the police car and transported; and she was charged with disorderly conduct and resisting arrest. (Doc. 1, p. 4). The plaintiff also alleges that due to her remark, Officer Harrison used excessive force on her during her arrest. (*Id.*). The plaintiff then had a preliminary hearing and later appeared in court where she pled guilty to one disorderly conduct charge. *See Commonwealth v. Banks*. Thus, the plaintiff has presented enough evidence to satisfy the second prong of her retaliation claim. Clifton v. Borough of Eddystone, 824 F.Supp.2d at 628 (plaintiff's arrest, detention and prosecution for cursing at police officer met the low threshold regarding the effect of the retaliatory conduct).

For the third prong, the plaintiff must demonstrate a causal connection between her speech and the conduct of Officer Harrison, including her arrest and the alleged use of excessive force. Ambrose v. Twp. of Robinson, 303 F.3d 488, 494 (3d Cir. 2002). At the outset, the person accused of taking retaliatory action must be aware of the speech. *Id.* at 493. The Third Circuit in Kachmar v. SunGard Data Systems, Inc., 109 F.3d 173, 178 (3d Cir. 1997), emphasized that although temporal proximity between the speech and the alleged retaliatory action "provides an evidentiary basis from which an inference can be drawn," the plaintiff must prove causation in a prima facie case for First Amendment retaliation.

Here, the plaintiff has alleged enough facts to establish a causal link to

survive a motion to dismiss. The plaintiff alleges that she was arrested and that excessive force was used just after she called Officer Harrison a curse word. (Doc. 1, pp. 4-5); *See* Clifton v. Borough of Eddystone, 824 F.Supp.2d at 628 (court found causal link since plaintiff was arrested only moments after she cursed at officer). Although Officer Harrison also charged the plaintiff for kicking the minor's car, (Doc. 1, p. 5), the plaintiff's initial arrest, accompanied by the use of force, allegedly occurred just after her speech. (*Id.,* p. 4). The plaintiff's allegations are sufficient to show that her arrest and that the excessive force were caused by her remark. Therefore, the defendant's motion to dismiss the plaintiff's First Amendment retaliation claim will be denied.[4]

### *B. Fourth Amendment Seizure*

The plaintiff alleges that Officer Harrison's "use of force" during her arrest "constituted an unreasonable seizure under the Fourth Amendment..." (Doc. 1, p. 6). She also alleges that Officer Harrison used unreasonable force, due to her protected speech, and that he charged her with various crimes to cover up the unreasonable force he used on her. (*Id*., p. 4). The Fourth

---

[4]Since the plaintiff's retaliation claim is based, in part, on her arrest and prosecution, the plaintiff must "plead and prove an absence of probable cause." Clifton v. Borough of Eddystone, 824 F.Supp.2d at 628 n. 6 (citing Hartman v. Moore, 547 U.S. 250, 265–66, 126 S.Ct. 1695, 164 L.Ed.2d 441 (2006)). As discussed below, the plaintiff has sufficiently alleged that her arrest violated her Fourth Amendment right against unreasonable seizure.

Amendment protects "[t]he right of the people to be secure in their persons, houses, papers and effects against unreasonable searches and seizures." U.S. Const. amend. IV. "An arrest is lawful under the Fourth Amendment only if it is supported by probable cause." Clifton v. Borough of Eddystone, 824 F.Supp.2d at 623 (citing Johnson v. Campbell, 332 F.3d at 211). "The dispositive issue is not whether Plaintiff actually committed the offense but whether Officer [Harrison] had probable cause to believe Plaintiff committed the offense at the time he arrested her." (*Id.*) (citing Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988)). Moreover, a "claim for excessive force under the Fourth Amendment requires a plaintiff to show that a seizure occurred and that it was unreasonable." Curley v. Klem, 298 F.3d 271, 279 (3d Cir. 2002). The issue is whether the seizure of plaintiff was reasonable.

Additionally, the court in Clifton, 824 F.Supp.2d at 623-24, addressed when probable cause exists and stated:

> Probable cause is present where an officer has a sufficient basis to make a "practical, common sense" decision that a "fair probability" of criminal activity exists. *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The inquiry is whether "facts and circumstances within the officer's knowledge [ ] are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." *[Michigan v.] DeFillippo*, 443 U.S. [31] at 37, 99 S.Ct. 2627 [1979]. If the arrest was effected without probable cause, it would violate Plaintiff's Fourth Amendment protection against unreasonable seizures.

Under the Fourth Amendment, the test of reasonableness "is whether under the totality of the circumstances, the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989). In *Graham*, the U.S. Supreme Court held that "the 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id. at 396. Reasonableness is also not a "mechanical application," but one that "balanc[es] ...the need for the particular search against the invasion of personal rights that the search entails." Bell v. Wolfish, 441 U.S. 520, 559 (1979). Other factors that help determine the reasonableness of force used during the arrest are: "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." Graham, 490 U.S. at 396.

Officer Harrison argues that the plaintiff fails to demonstrate how his actions were unreasonable. (Doc. 15, p.10). He alleges that "none of [his] actions are 'unreasonable' under the circumstances involving allegations of unruly behavior, property damage, careless driving, and disorderly conduct." (*Id.,* p.11). The court disagrees with Harrison's contention because the plaintiff has alleged enough facts, if found to be true, that would entitle her to relief on her Fourth Amendment claim. She alleges that Officer Harrison decided not to charge anyone in the incident, and that as he was leaving the

scene and walking away from her, she cursed at him. (Doc. 1, p.4). She then alleges that Officer Harrison was angered by her remark (which appears to be protected speech), re-approached her, used excessive force, and arrested her for disorderly conduct. (*Id*.). The plaintiff also provides specific examples of excessive force, such as Officer Harrison allegedly banging her head against the roof of her car, handcuffing her behind her back, and then dragging her into his patrol car. (*Id*.).

Based on the discussion above, the plaintiff has alleged that Officer Harrison did not have probable cause to arrest her for cursing at him. *See* Clifton v. Borough of Eddystone, 824 F.Supp.2d at 624-25 (court held that a reasonable jury could find that officer did not have probable cause to arrest plaintiff for whispering vulgarities and using curses at officer as plaintiff walked away when it did not create a danger or risk of injury from public disorder, or create a physically offensive or hazardous condition). Nor do the facts alleged indicate that the charges for cursing at the officer or kicking Jorge's car are so severe to warrant the particular use of alleged force. Finally, the facts do not indicate that the plaintiff was a safety threat or that she attempted to flee the scene. Therefore, the defendant's motion to dismiss the plaintiff's complaint on the ground that she did not state a cause of action for a Fourth Amendment violation will be denied.

### C. Fourteenth Amendment Due Process

The plaintiff alleges that Officer Harrison's use of force during her arrest

also deprived her of due process rights pursuant to the Fourteenth Amendment. (Doc. 1, p. 6). Courts have held, however, that the Fourth Amendment, as analyzed above, is the Amendment that corresponds to an officer's excessive force during an arrest. Graham, 490 U.S. at 394-95 ("... *all* claims that law enforcement officers have used excessive force–deadly or not–in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard, rather than under a 'substantive due process' approach."); *see also* Albright v. Oliver, 510 U.S. 266, 273, 114 S.Ct. 807, 813, 127 L.Ed.2d 114 (1994) ("Where a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of substantive due process,' must be the guide for analyzing these claims.") (internal quotation marks omitted); Betts v. New Castle Youth Dev. Ctr., 621 F.3d 249, 260–61 (3d Cir. 2010).

In this case, the plaintiff agrees that the Fourth Amendment "governs the use of unreasonable force in effecting a seizure of the person." (Doc. 19, p. 16). Regardless, "[u]nder the incorporation doctrine, the Fourth Amendment and other provisions of the Bill of Rights apply on their face only to the federal government, and were incorporated against the states later by operation of the Fourteenth Amendment's Due Process Clause." Williams v. Papi, 30 F.Supp.3d 306, 312 (M.D.Pa. 2014) (citing Terry v. Ohio, 392 U.S. 1, 8, 88 S.Ct. 1868, 1873, 20 L.Ed.2d 889 (1968) (describing "the Fourth Amendment,

made applicable to the States by the Fourteenth"). As such, since plaintiff "brought a claim under the Fourth Amendment for the actions of a police officer employed by a Pennsylvania municipality, she was not only not barred from invoking the Fourteenth Amendment, but was indeed *required* to allege it to make her claim cognizable." *Id.* at 311-12. Thus, plaintiff was required to allege that her claims against the state actor defendant were under both the First and Fourth Amendments as well as under the Fourteenth Amendment. *Id*.

### D. Assault & Battery

The plaintiff brings two state law claims for assault and battery on the grounds that officer Harrison "intended to put [the plaintiff] in reasonable and immediate apprehension of a harmful or offensive contact with her body" and proceeded to carry out the harmful or offensive contact. (Doc. 1, p. 7). As the Pennsylvania Superior Court explained in Cohen v. Lit Bros., 70 A.2d 419, 421 (Pa.Super.Ct. 1950), "assault is an intentional attempt by force to do an injury to the person of another, and a battery is committed whenever the violence menaced in an assault is actually done, though in ever so small a degree, upon the person."

The defendant relies upon Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994), where the Pennsylvania Supreme Court held that "a police officer may use reasonable force to prevent interference with the exercise of his authority..." and that the officer "may use such force as is necessary under the

circumstances to effectuate the arrest." Whether the officer should be held liable for assault and battery is a question for the jury. *Id.* The *Renk* court also explained that a plaintiff must prove willful misconduct on the part of the officer, which refers to "conduct whereby the actor desired to bring about the result that followed or at least was aware that it was substantially certain to follow, so that such desire can be implied." *Id.* (quoting King v. Breach, 540 A.2d 976, 981 (Pa.Commw.Ct. 1988)). In that case, the court found that the City did not establish the police officer's willful misconduct after he and a bus driver had a physical altercation while the bus driver was on his way to the police station on a disorderly conduct charge. Renk, 641 A.2d at 291.

Finally, Officer Harrison points to 18 Pa.C.S.A. §508(a)(1) and its relevant portions:

> A peace officer, or any person whom he has summoned or directed to assist him, need not retreat or desist from efforts to make a lawful arrest because of resistance or threatened resistance to the arrest. He is justified in the use of any force which he believes to be necessary to effect the arrest and of any force which he believes to be necessary to defend himself or another from bodily harm while making the arrest.

The court finds that the plaintiff has stated enough facts in her complaint to move forward with both of her state law claims. The plaintiff sets forth concrete allegations, viewed in a light most favorable to her, of Officer Harrison's unwarranted use of force during her arrest, especially since she did not resist. Therefore, Officer Harrison's motion to dismiss the plaintiff's state law claims will be denied.

### *E. Qualified Immunity*

Officer Harrison also asserts the affirmative defense of qualified immunity in his motion. (Doc. 15, p. 17). "A state official with qualified immunity has no civil liability for discretionary conduct so long as he does 'not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Clifton v. Borough of Eddystone, 824 F.Supp.2d at 622 (citing Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)). To determine if Officer Harrison has qualified immunity, a two-part inquiry is required: "The Court must determine whether the plaintiff has shown facts that make out a constitutional rights violation and if so, whether those rights were 'clearly established' at the time of the incident. *Id*. (citing Pearson v. Callahan, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)).

At the present pleading stage of this case, and based on the above discussion, it is premature to determine if Officer Harrison is entitled to qualified immunity. *See* Williams v. Papi, 30 F.Supp.3d at 314) ("[T]he Third Circuit has cautioned that 'it is generally unwise to venture into a qualified immunity analysis at the pleading stage as it is necessary to develop the factual record in the vast majority of cases'") (quoting Newland v. Reehorst, 328 F.App'x. 788, 791 n. 3 (3d Cir. 2009)).  As in the *Williams* case, the court finds that "a determination of qualified immunity is inappropriate at the pleading stage" in the present case. *Id*. As discussed above, the plaintiff has stated cognizable constitutional claims under the Fourth and First

Amendments as against Officer Harrison. In viewing the facts in the complaint in the light most favorable to the plaintiff, it is alleged that Officer Harrison violated plaintiff's constitutional rights by using excessive force after she engaged in protected speech to effect a Fourth Amendment seizure against her. (Doc. 1, p. 6). Further, the rights under the Fourth Amendment were sufficiently clear that Officer Harrison should have known that banging the plaintiff's head off her car and dragging her to the police car with her hands cuffed behind her back violated those rights. Additionally, "the right to be free from the use of excessive force in the course of handcuffing is clearly established and is not defeated by qualified immunity." Clifton v. Borough of Eddystone, 824 F.Supp.2d at 622 (citing Kopec v. Tate, 361 F.3d 772, 777–78 (3d Cir. 2004)).

Thus, when viewing the facts alleged in the complaint in the light most favorable to plaintiff, the court does not find at this stage of the case that qualified immunity exists as a matter of law. *Id*. After discovery is conducted by the parties and the factual record is fully developed, Officer Harrison can re-assert the qualified immunity defense in a summary judgment motion if appropriate. *See* Kopec, 361 F.3d at 777 ("defendant[] can still win on summary judgment if the district court concludes, after resolving all factual disputes in favor of the plaintiff, that the officer's use of force was objectively reasonable under the circumstances.") (citations omitted).

### *F. Punitive Damages*

Officer Harrison states that the plaintiff cannot recover punitive damages against him to the extent she sues him in his official capacity since this is, in effect, a claim for punitive damages against Taylor Borough. The Supreme Court has held that punitive damages may not be awarded against municipalities under §1983. *See* City of Newport v. Fact Concerts, Inc., 453 US 247, 271 (1981). Thus, any claim for punitive damages against Officer Harrison in his official capacity are subject to dismissal. In her brief in opposition, the plaintiff clarifies that her action against Officer Harrison is only in his individual capacity. (Doc. 19, p. 25). She has sufficiently alleged "reckless indifference" with respect to Officer Harrison's knowledge of the illegality of his actions to seek punitive damages with respect to her claims under §1983. *See* Alexander v. Riga, 208 F.3d at 430-31. As such, the plaintiff's claim for punitive damages against Officer Harrison in his individual capacity will not be dismissed.

"In Pennsylvania, punitive damages are properly awarded for a defendant's outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others." Medvecz v. Choi, 569 F.2d 1221, 1226 (3d Cir. 1977) (citing Chambers v. Montgomery, 411 Pa. 339, 192 A.2d 355, 358 (Pa.1963). The plaintiff has alleged that the conduct of Officer Harrison was wanton, unreasonable, malicious, unnecessary and/or made with deliberate and reckless indifference to her health, safety and rights. As such, the plaintiff's request for punitive damages with respect to her

state law claims shall proceed.

## VI.    CONCLUSION

The plaintiff has stated cognizable claims of First Amendment retaliation as well as unreasonable seizure and force under the Fourth Amendment, and state law claims for assault and battery. As such, Officer Harrison's motion to dismiss these claims will be denied. The court construes the reference to the Fourteenth Amendment included in Count One only as an invocation of the incorporation doctrine, and Officer Harrison's motion to dismiss this reference will be denied. The plaintiff's claim for punitive damages against Officer Harrison in his individual capacity for her §1983 claims and state law claims will proceed. An appropriate order will follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATED: August 24, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0693-01.wpd